UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

MAURICE HUGHES,

                            Petitioner,

                -against-                      9:10-CV-1522 (LEK/DRH)

DIVISION OF PAROLE,

                            Respondent.

<u>DECISION and ORDER</u>

I.     <u>BACKGROUND</u>

Petitioner *pro se* Maurice Hughes filed the present habeas corpus action pursuant to 28 U.S.C. § 2254 on December 16, 2010. <u>See</u> Dkt. No. 1 ("Petition"). In his pleading, Hughes asserts that he was convicted "around April 1998" in Broome County Court of the crimes of first and second degree robbery. <u>Id.</u> ¶¶ 1-2, 4. He claims that as a result of those convictions, the County Court sentenced Hughes to a determinate term of six years imprisonment, to be followed by a three year period of post-release supervision. <u>Id.</u> ¶ 3.

In his petition, Hughes claims that despite the fact that the County Court informed Hughes that the maximum expiration date relating to the imposed sentences would occur on November 28, 2006, <u>id.</u> at ¶ 11, employees of the New York State Department of Correctional Services ("DOCS") forced Hughes to remain incarcerated past that date. <u>Id.</u> at ¶ 10.

In support of his request for federal habeas relief, Hughes alleges that: i) he was improperly incarcerated past that maximum expiration date, i.e., until May 23, 2008; ii) while he was incarcerated, he was forced to sleep on the top bunk of the bed in his cell, and when he thereafter

fell from that bunk, he sustained a "second serious injury;" iii) after that fall, he was wrongfully transferred to another correctional facility where he was subjected to cruel and unusual punishment, locked in his cell for twenty-three hours a day, and denied "proper testing" for his "well-known disabilities;" iv) the determination that Hughes had violated the terms of his parole was based upon a "faulty urinalysis;" and v) he was wrongfully denied a request for a subpoena. See Petition at Grounds One through Five.

II.   DISCUSSION

As noted, Petitioner filed the instant petition seeking a Writ of habeas corpus under 28 U.S.C. § 2254. That statute requires "a person in custody pursuant to the judgment of a State court [demonstrate] ... that he is in custody in violation of the Constitution or laws of the United States." 28 U.S.C. § 2254(a). The Supreme Court has interpreted the statutory language as "requiring the habeas petitioner to be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-491 (1989).

Petitioner commenced this action while living at his residence located Whitehall, Pennsylvania. See Dkt. No. 1-1 (copy of envelope used by Petitioner for mailing petition to this Court). Therefore, he was plainly not incarcerated when he filed this action.

In order to verify Hughes' claim that the maximum expiration date relating to the sentence imposed on him by the Broome County Court had already passed, a member of this Court's staff utilized the website maintained by the DOCS. According to that website, the maximum expiration date of Hughes' sentence occurred on May 24, 2008, and he was released from prison the day before that date, on May 23, 2008. See http://nysdocslookup.docs.state.ny.us/GCA00P00/WIQ3/WINQ130 (inmate name: Hughes, Maurice).

"A habeas petitioner is not 'in custody' under a conviction when the sentence imposed for that conviction has fully expired at the time the petition is filed." Johnson v. Behrle, No. 08-CV-733, 2009 WL 4639677, at *3 (E.D.N.Y. Dec. 7, 2009) (citing Maleng, 490 U.S. at 491; Simpson v. Artuz, 860 F.Supp. 156, 157 (S.D.N.Y. 1994)).  Where, as here, an individual is not "in custody" at the time the habeas corpus petition is filed, the petition must be dismissed due to the court's lack of subject matter jurisdiction over the matter.  See Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 401-02 (2001); Johnson, 2009 WL 4639677, at *4.

In light of the foregoing, this Court dismisses this action because it lacks subject matter jurisdiction over Petitioner's habeas corpus petition.[1]

For the foregoing reasons, it is hereby

ORDERED, that this action is dismissed because this Court lacks subject matter jurisdiction over the petition for the reasons discussed above; and it is further

ORDERED, that the Clerk serve a copy of this Decision and Order on Hughes by regular mail.

IT IS SO ORDERED.

DATED:      January 04, 2011
            Albany, New York

Lawrence E. Kahn
U.S. District Judge

---

[1] This dismissal is ***without prejudice*** to Hughes commencing an action pursuant to 42 U.S.C. § 1983 in which he seeks monetary relief for the damages he purportedly sustained as a result of the allegedly wrongful conduct discussed by him in his petition.